**AIR ONE HELICOPTERS, INC.,**
**a California corporation,**
**Petitioner,**

v.

**FEDERAL AVIATION**
**ADMINISTRATION,**
**Respondent.**

No. 94–70245.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 1996.

Decided June 12, 1996.

---

Kenneth G. Caplan, Federal Aviation Administration, Washington, D.C., for respondent.

Ronald E. Werner and Denice N. LeBourveau, Werner, Nabb & LeBourveau, San Jose, California, and Patricia E. Fox, Sunnydale, California, for petitioner.

Before: REINHARDT, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Air One Helicopters, Inc. (Air One), the undisputed owner of a helicopter, has been ensnared in webs of bureaucratic regulation spun by two countries, Spain and the United States. The effect has been to preclude Air One from registering its helicopter with the Federal Aviation Administration (FAA) even though it is crystal clear Air One owns the aircraft, has discharged the lien which once attached to it, and the aircraft's current registration in Spain is no longer valid.

We grant review and end the bureaucratic gridlock. We reverse the FAA's denial of Air One's application, and direct the FAA to register the helicopter showing Air One as its owner.

I

FACTS

Air One bought the helicopter, a Sikorski S–58T, serial number 58–1626, in 1990 from a Spanish company, Helisca Helicopters, S.A. (Helisca), and attempted to register the aircraft with the FAA pursuant to federal law and FAA implementing regulations. See 49 U.S.C.App. § 1401 et seq.;[1] 14 C.F.R. § 47.37.

In 1992, the FAA issued an opinion letter which stated that Air One's helicopter was not eligible for registration because the aircraft was still registered in Spain. An aircraft cannot have dual registration under the Chicago Convention on International Civil Aviation (Chicago Convention). See 61 Stat. 1180, T.I.A.S. 1591 (December 7, 1944). The FAA instructed Air One to obtain from the Direccion General de Aviacion Civil (DGAC), Spain's national aircraft registry, a statement that the helicopter's Spanish registration was no longer valid. Without such a statement, the FAA deemed Air One's helicopter ineligible for registration in the United States.

Air One unsuccessfully petitioned the DGAC in Spain for a statement of de-registration. The DGAC refused to provide such a statement because the registry showed a lien on the helicopter in the name of a Norwegian corporation, Sameiet Heli Invest I (Sameiet). The DGAC insists Air One must

---

1. Title 49 has been revised since the incidents giving rise to this petition. The revisions do not make any substantive changes in the law relevant to this case. We will refer to the old citations in the text because they governed the actions of the parties.

   49 U.S.C.App. § 1401 is now codified at 49 U.S.C. § 44101, et seq.

obtain an official corporate document from Sameiet declaring the corporation has been paid in full for the helicopter before the DGAC will de-register the aircraft.

Sameiet, however, was never a corporate entity registered under Norwegian law or elsewhere, and it no longer exists in any form. Therefore, there is no possibility that Air One will ever be able to obtain the official corporate document from Sameiet which the DGAC in Spain demands.

Air One has diligently attempted to get the DGAC to de-register the aircraft without such a statement, but the DGAC has steadfastly resisted these efforts. Air One provided the DGAC with a sworn affidavit from Asmud Simonson, the President of the parent company of Sameiet, stating that Helisca had paid Sameiet in full for the helicopter. The record indicates that Simonson "formed" Sameiet for the sole purpose of buying and selling this particular helicopter. Although he used the Sameiet name in its corporate form for the transaction, he did not incorporate Sameiet under Norwegian law, or anywhere else. As a result, there never were any officers or directors of Sameiet, and it never had a corporate seal. There is absolutely no way it can provide the official corporate document the DGAC demands.

Simonson's affidavit explaining the circumstances was deemed insufficient by the DGAC, which again demanded a corporate document. Air One has since enlisted the assistance of the United States Embassy in Madrid, but it was unable to persuade the DGAC to de-register the helicopter. Air One, with the cooperation of Simonson and Helisca, retained legal counsel in Spain. The attorneys advised Air One that bringing a court challenge there will be unsuccessful because of the Spanish judiciary's deference to the DGAC's administrative decisions and that a court challenge might take up to ten years.

Air One filed two registration applications with the FAA explaining these circumstances and including all of the relevant correspondence. Each time, the FAA has responded with letters stating Air One's helicopter is ineligible for registration in the United States unless Air One obtains a de-registration statement from Spain.

## II

## DISCUSSION

The first question we consider is whether we have jurisdiction to entertain Air One's petition for review. The FAA argues the position it has taken in its opinion letter and in its two additional letters is not reviewable because these letters do not constitute "final agency action" within the meaning of section 1006(a) of the Federal Aviation Act, 49 U.S.C.App. § 1486(a).[2] The FAA contends the letters do not amount to a definitive statement of the agency's position, nor do they impose any obligation, deny any right, or fix any legal relationship as required by our decision in *Air California v. U.S. Dep't of Transportation*, 654 F.2d 616, 620–21 (9th Cir.1981).

Whether or not the letters amount to final agency action, we are not precluded from reviewing the FAA's failure to register the helicopter. The FAA has admitted that any further attempts by Air One to obtain a different decision will be futile. It is a common rule of judicial economy that we will not require a party to exhaust administrative procedures when exhaustion would be futile. *SAIF Corp./Oregon Ship v. Johnson*, 908 F.2d 1434, 1440–41 (9th Cir.1990). Here, there is no question it would be futile for Air One to attempt to persuade the FAA to change the position it clearly sets forth in the letters. Accordingly, we will treat the letters as final agency action and consider the merits of Air One's petition for review.

Agency decisions may be set aside only if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *Henderson v. FAA*, 7 F.3d 875, 877 (9th Cir.1993).

The FAA contends that its decision cannot be an abuse of discretion because it lacks any discretion to register Air One's helicopter so long as the helicopter is registered in Spain. The FAA argues that this is a basic

---

**2.** 49 U.S.C.App. § 1486(a) is now codified at 49 U.S.C. § 46110.

requirement imposed upon it by the Chicago Convention. 61 Stat. at 1185. The FAA is correct that the Convention prohibits dual registration, but we can determine when and if a registration in a foreign country remains valid.

Chapter III, Article 18 of the Chicago Convention provides: "An aircraft cannot be *validly registered* in more than one State, but its registration may be changed from one State to another." *Id.* (emphasis added). The FAA has adopted regulations to determine the validity of a foreign registration. *See* 14 C.F.R. § 47.37(b)(1) ("satisfactory evidence of termination" includes a statement by a foreign official or decree of a court applying foreign law that the registration has ended or become invalid). It is the FAA, not the Chicago Convention, that declares what will suffice as satisfactory evidence of an invalid foreign registration.

█ We hold the FAA's decision refusing to register Air One's helicopter is contrary to law, because the Spanish registration is no longer valid.

The FAA based its decision on 14 C.F.R. § 47.37, which sets forth the evidentiary burden an applicant for registration must bear. Section 47.37(b)(1) requires an applicant to provide "a statement by the official having jurisdiction over the national aircraft registry of the foreign country, that the registration has ended or is invalid . . . ."

Air One cannot meet this evidentiary burden. But the reason it can't is not because the lien is valid, but because the appropriate Spanish bureaucrat won't say the lien is no longer valid-even though everyone concerned knows that it is no longer valid. The appropriate Spanish official refuses to say whether the lien is no longer valid unless he receives a document from the abortive Norwegian "corporation." That document, however, is not only impossible to provide, it would add nothing of substance to what is already before the DGAC. On the basis of the record, there can be no doubt the lien has been

discharged, is no longer valid, and the helicopter's registration in Spain is at an end.

Further delay would serve only to diminish even more the value of Air One's ownership interest in the helicopter. While Air One has not presented the statement by the foreign official referred to in 14 C.F.R. § 47.37(b)(1), it has indisputably proved that getting the statement is impossible and the helicopter's registration in Spain has ended. In the circumstances of this case, this is sufficient.

## III

## CONCLUSION

Air One's petition for review is granted. The FAA is ordered to register the Sikorski S–58T helicopter, serial number 58–1626, showing Air One Helicopters, Inc. as the owner.

REVIEW GRANTED.

O'SCANNLAIN, Circuit Judge, dissenting:

I respectfully dissent. While I empathize with Air One's plight, I conclude that (1) this court lacks jurisdiction to entertain Air One's petition for review, (2) the court lacks authority to rule that the Spanish registration is invalid (and has erred by doing so without applying Spanish law), and (3) the majority's opinion ordering the FAA to register Air One's helicopter in the United States directly conflicts with both a statute and a treaty.

## I

The appropriate jurisdictional test is that outlined in *Air California v. U.S. Dept. of Transportation,* 654 F.2d 616 (9th Cir.1981). In that case, this court stated that under 49 U.S.C.App. § 1486(a),[1] FAA "[a]dministrative orders are not final and reviewable 'unless and until they impose an obligation, deny a right, or fix some legal relationship as a consummation of the administrative process.'" *Id.* at 621 (citations omitted).

Air One argues that the FAA letters in this case are final orders because they effec-

---

1. This provision has since been repealed and recodified, without significant change, at 49 U.S.C. § 46110.

tively deny Air One its right to register its helicopter. I disagree. None of the letters denied Air One's registration application; to the contrary, the letters merely told Air One what it needed to provide in order to get the application approved, namely a certificate from a Spanish authority (either the Spanish National Aircraft Registry or a Spanish court) that the Spanish registration was invalid. Accordingly, the letters do not impose any obligation, deny any right or fix any legal relationship as the consummation of the administrative process.

The majority states that "[w]hether or not the [FAA] letters amount to final agency action," this court has jurisdiction to review the FAA's alleged "failure to register the helicopter" because exhaustion of administrative remedies would be futile. In support of its conclusion on this point, it states that "[t]he FAA has admitted that any further attempts by Air One to obtain a different decision will be futile."

I cannot agree with this latter statement. The FAA has not conceded that exhaustion of administrative remedies would be futile; to the contrary, the FAA has said that it would accept a final judgment or decree from a court of competent jurisdiction in Spain that the registration is invalid. See Appellee's Brief at 26–27; Jan. 3, 1996 memorandum from Kenneth G. Caplan, Special Attorney to the U.S. Attorney General. The relevant federal regulations state that such a judgment would constitute "satisfactory evidence of termination of the foreign registration." 14 C.F.R. § 47.37(b)(2). Air One cannot argue that any efforts to obtain a different decision from the FAA would be "futile" when it refuses to pursue the very remedy which the FAA has suggested and which is mandated by the relevant federal regulations.[2]

Accordingly, Air One has a remedy available to it, and the FAA's letters do not "impose an obligation, deny a right, or fix some legal relationship as a consummation of the administrative process." *Air California,* 654 F.2d at 621. For that reason, they "are

not final and reviewable," *id.,* and this court lacks jurisdiction to hear Air One's appeal.

## II

Even if this court has jurisdiction to consider Air One's appeal, I do not believe that we have authority to hold that the Spanish registration is invalid.

The majority states that *"we* can determine when and if a registration in a foreign country remains valid." Op. at 883 (emphasis added). In doing so, the majority apparently relies on 14 C.F.R. § 47.37(b)(2). However, it has misapplied the provision. That regulation states that

satisfactory evidence of termination of the foreign registration may be—

. . . .

(2) A final judgment or decree of a *court of competent jurisdiction* that determines, *under the law of the country concerned,* that the registration has become invalid.

14 C.F.R. § 47.37(b)(2) (emphasis added). I strongly doubt that this court is one of "competent jurisdiction" to determine that the Spanish registration is invalid; I suspect that only a Spanish court so qualifies.

More important, however, is the fact that the majority does not even purport to apply Spanish law in holding the Spanish registration invalid, as is clearly required by the regulation. Even assuming that we are a "court of competent jurisdiction" to decide the issue, the parties have not provided any briefing on Spanish law, and we should not decide such an issue in a vacuum.

## III

Finally, the majority's opinion also forces the FAA to register Air One's helicopter even though the FAA can do so only by violating both a statute and a treaty. First, under federal law, "[a]n aircraft [owned by a citizen of the United States] may be registered [in the United States] *only when* the aircraft is—(1) *not registered under the laws of a foreign country* . . . ." 49 U.S.C.

---

**2.** In addition, in light of Air One's decision not to pursue such a judgment in the Spanish courts, I respectfully submit that the majority's statement

that "bringing a court challenge will be unsuccessful" is nothing more than pure speculation.

§ 44102(a) (emphasis added). As Air One concedes, its helicopter is in fact "registered under the laws of a foreign country." [3] The majority's opinion ordering the FAA to register Air One's helicopter in the United States clearly contravenes this statute.

Second, as the majority notes, Chapter III, Article 18 of the Chicago Convention states that "[a]n aircraft cannot be validly registered in more than one State...." The only Spanish authority yet to rule on the subject has stated that the aircraft *is* in fact "validly registered" in Spain. Accordingly, the majority's opinion clearly places the United States in violation of this treaty. In addition, the majority's decision to invalidate the Spanish registration, before the Spanish courts have even been given an *opportunity* to rule on the subject, contravenes basic principles of international comity. Finally, the majority's opinion provides a dangerous precedent which may encourage foreign courts to rule, in subsequent cases, that aircraft registered by the FAA in the United States are not in fact "validly" registered here. The practical effect of the majority's ruling is thus to render the treaty a virtual nullity.

### IV

There is no question that Air One has been the victim of a protracted, intercontinental bureaucratic nightmare, and I empathize completely with Air One's plight and with the majority's strong desire to remedy it. However, federal courts are courts of limited jurisdiction. Because of that fact, we sometimes confront cases, such as the one at bar, where we simply lack authority to act. And even if we do act, we must always do so in a manner consistent with federal laws and regulations. Because I fear that the majority's opinion may be inconsistent with these principles, I respectfully dissent.

---

3. In spite of the majority's holding that the Spanish registration is invalid, this conclusion cannot and does not alter the basic fact that the helicop-ter remains "registered under the laws of a foreign country."