IAL AIRCRAFT HOLDING, INC., a
Florida corporation, Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION,
Respondent.

No. 98–5522.

United States Court of Appeals,
Eleventh Circuit.

March 13, 2000.

Francis A. Anania, Douglas H. Stein, Anania, Bandklayder, Blackwell & Baumgarte, Miami, FL, for Petitioner.

Robert S. Greenspan, Edward Himmelfarb, U.S. Dept. of Justice, Washington, DC, for Respondent.

Before COX, Circuit Judge, KRAVITCH, Senior Circuit Judge, and PROPST *, Senior District Judge.

KRAVITCH, Senior Circuit Judge:

Under applicable treaties and statutes, the Federal Aviation Administration ("FAA") may not register an aircraft in the United States if the aircraft is registered validly in another country. To ensure compliance with this requirement, the FAA promulgated a regulation requiring proof that any foreign registration has ended or become invalid as a prerequisite to registration in the United States. One option for those seeking registration from the FAA is to present a final judgment of a "court of competent jurisdiction" that the foreign registration is no longer in force or otherwise valid. This appeal from the FAA's final agency decision refusing to

---

* Honorable Robert B. Propst, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

register an aircraft previously registered in another country centers on the proper interpretation of the phrase "court of competent jurisdiction." We conclude, as a matter of first impression, that this phrase encompasses all courts that properly may exercise subject matter and either personal or *in rem* jurisdiction, whether in the United States or in the country of prior registration.

## I. BACKGROUND AND PROCEDURAL HISTORY

The facts in this appeal are simple and undisputed. Petitioner IAL Aircraft Holding, Inc. ("IAL") sold a Boeing 727–247 Aircraft bearing manufacturer's serial number 20974 ("aircraft") to a Brazilian customer pursuant to a conditional sales agreement in 1993. The Brazilian customer registered the aircraft with Brazil but never made full payment to IAL. In 1995, IAL and the Brazilian customer entered into a termination and settlement agreement pursuant to which the aircraft was returned to IAL, and the customer disclaimed any interest in it. IAL, with the assistance of its Brazilian customer, spent two years unsuccessfully trying to deregister the aircraft from the Brazilian registry. The FAA refused to register the aircraft in the United States without proof that the Brazilian registration had ended or become invalid.

IAL then filed an *in rem* action in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida ("Florida court") seeking a judgment that Brazil's registration of the aircraft was no longer valid. Along with documentary evidence, IAL presented an expert in Brazilian law who testified that, under the laws of Brazil, the registration of the aircraft

ceased to be valid when the Brazilian customer disavowed any interest in the aircraft. According to the expert, a person in possession of an aircraft pursuant to a conditional sales agreement may temporarily register the aircraft in Brazil, but that temporary registration is canceled if terms of the conditional sales agreement are not met.[1] Based on the evidence presented, the Florida court entered a final judgment and decree declaring the registration invalid under Brazilian law. *See IAL Aircraft Holding, Inc. v. One Boeing 727–247 Aircraft,* No. 96 Civ. 14893 (11th Cir. Ct. Dade County, Fla. Aug. 27, 1996). IAL presented this judgment to the FAA in support of its application for United States registration. The FAA queried Brazilian officials as to the validity of the Florida court's judgment, but instead of opining on the correctness of the court's decision, the officials responded that the judgment would be effective in Brazil only if it were certified by the Brazilian Supreme Court. Rather than submitting the decision for certification, IAL requested a final agency decision from the FAA. When the FAA refused to register the aircraft, IAL sought review of the decision in this court under 49 U.S.C. § 46110(a).[2]

## II. DISCUSSION

### A. Statutory and Regulatory Background

The United States, together with more than 180 other countries, is a signatory to the Convention on International Civil Aviation, *opened for signature* Dec. 7, 1944, 61 Stat. 1180 ("Chicago Convention"). The treaty provides that "[a]n aircraft cannot be validly registered in more than one State, but its registration may be changed from one State to another." *Id.* art. 18, 61 Stat. at 1185. Any such termination of

---

1. *See* Eugene Alan Rostov Aff., R–6 ¶¶10–11.

2. Section 46110 of Title 49 provides in pertinent part:

 [A] person disclosing a substantial interest in an order issued by ... the Administrator of the Federal Aviation Administration ... under this part may apply for review of the order by filing a petition for review ... in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

registration shall be done in accordance with the laws of the country of prior registration. *See id.* art. 19, 61 Stat. at 1185. Among other concerns, the Chicago Convention was aimed at avoiding friction among different countries. *See id.* Preamble, 61 Stat. at 1180. A few years later, the United States entered into a second treaty governing civil aviation, the Convention on the International Recognition of Rights in Aircraft, *opened for signature* June 19, 1948, 4 U.S.T. 1830 ("Geneva Convention"), which further provided that the registration of an aircraft may not be transferred from one signatory country to another "unless all holders of recorded rights have been satisfied or consent to the transfer." *Id.* art. IX, 4 U.S.T. at 1838.

The Chicago and Geneva Conventions were implemented by federal statute and FAA regulation. Congress provided prerequisites for registering an aircraft in the United States, including the proviso that the aircraft not be "registered under the laws of a foreign country." 49 U.S.C. § 44102(a)(1) (1994). Once an aircraft owner has satisfied the requirements codified in section 44102, the FAA "shall" register the aircraft. *See* 49 U.S.C. § 44103(a)(1) (1994). The FAA issued a regulation delineating the means by which an aircraft owner may transfer registration of his aircraft from another country. If the country of last registration is also a signatory to the Geneva Convention, the owner must submit "evidence satisfactory to the Administrator that . . . the foreign registration has ended or become invalid, and each holder of a recorded right against the aircraft has been satisfied or consented to the transfer. . . ." 14 C.F.R. § 47.37(a)(3) (1999). The regulation provides that:

satisfactory evidence of termination of the foreign registration may be—

(1) A statement, by the official having jurisdiction over the national aircraft registry of the foreign country, that the registration has ended or is invalid, and showing the official's name and title and

describing the aircraft by make, model, and serial number; or

(2) A final judgment or decree of a court of competent jurisdiction that determines, under the law of the country concerned, that the registration has in fact become invalid.

*Id.* § 47.37(b).

IAL contends that it satisfied the requirements of section 47.37(b)(2) by securing a final judgment and decree from the Florida court that, under the laws of Brazil, the Brazilian registration was no longer valid. The FAA counters that only an appropriate court from the foreign country concerned, in this case Brazil, is a "court of competent jurisdiction" within the meaning of the regulation. Our resolution of this appeal, therefore, centers on the interpretation of the phrase "court of competent jurisdiction."

 The FAA's decision not to register the aircraft is a final agency decision and will be upheld unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A) (1994). When reviewing a final agency decision, the agency's interpretation of its own regulation is entitled to substantial deference and must be accorded "controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 2386, 129 L.Ed.2d 405 (1994) (internal quotation marks omitted). In contrast, an agency's interpretation of its regulation that is merely offered as a litigation position is not entitled to any deference. *See Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 212–13, 109 S.Ct. 468, 473–74, 102 L.Ed.2d 493 (1988); *Lohr v. Medtronic, Inc.,* 56 F.3d 1335, 1341 n. 4 (11th Cir.1995); *Florida Manufactured Hous. Ass'n, Inc. v. Cisneros,* 53 F.3d 1565, 1574 (11th Cir.1995).

 In this case, we are satisfied that the FAA's proffered interpretation of its regulation is only a litigating position and

entitled to no special deference. The FAA has never formally interpreted the regulation and has never issued clarifying regulations.[3] With the exception of presenting a defense in one other court litigation, the FAA has never offered an opinion on the meaning of the regulation. In that prior litigation, also an appeal of the FAA's refusal to register an aircraft, see *Air One Helicopters, Inc. v. Federal Aviation Admin.*, 86 F.3d 880, 883 (9th Cir.1996),[4] the Ninth Circuit Court of Appeals implicitly rejected the reading of the phrase "court of competent jurisdiction" offered by the FAA here, but the FAA did not amend or clarify the regulation. The FAA's position, now presented in two cases without any attempt to modify the underlying regulation, is not entitled to controlling weight.[5] *See William Bros., Inc. v. Pate*, 833 F.2d 261, 265 (11th Cir.1987) ("Common sense tells us that if deference were always to be given to the Director's litigation position, then claimants would be effectively denied the right to appellate review.").

B. Interpretation of the Phrase "Court of Competent Jurisdiction"

■ The FAA regulation *sub judice* recognizes "a final judgment or decree of a court of competent jurisdiction that determines, under the law of the country concerned, [as evidence] that the registration has in fact become invalid." 14 C.F.R. § 47.37(b)(2) (1999). The FAA's interpretation of the phrase "court of competent jurisdiction" would limit the phrase to only a court from the foreign country involved, in this case Brazil. Courts repeatedly have interpreted the phrase "court of competent jurisdiction," however, to mean any court that properly may exercise subject-matter jurisdiction over a dispute, although the phrase occasionally connotes personal jurisdiction as well. *See United States v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984); *Chambers v. Harrington*, 111 U.S. 350, 351, 4 S.Ct. 428, 429, 28 L.Ed. 452 (1884).[6] We find no principled reason to apply a different meaning here.

In drafting the language of the regulation, the FAA declined to choose more precise language to specify the type of courts that properly might entertain deregistration claims, in contrast to agencies and Congress that have done so in other contexts. *Cf.* 8 C.F.R. § 204.3(b) (1999) (in the context of adoption of foreign or-

---

**3.** The FAA enacted the regulation without notice and public procedure, see 31 Fed.Reg. 4495 (1966), and amended it only once to make minor changes in language not relevant to the provision before us, see 44 Fed.Reg. 61940 (1979).

**4.** This case is discussed in more detail *infra* in Section II.B.

**5.** The government correctly notes that agency interpretations developed through agency adjudication are entitled to substantial deference as though issued in an interpretative rule, but the FAA's interpretation, advanced in two non-agency adjudications several years apart, do not comport with this standard. *See Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 156–58, 111 S.Ct. 1171, 1179, 113 L.Ed.2d 117 (1991) (distinguishing between administrative adjudications, which constitute agency action, and litigation positions, which are "*post hoc* rationalizations" of agency actions); *cf. Zimring v. Olmstead*, 138 F.3d 893, 897 (11th Cir. 1998) (finding substantial deference due when Attorney General "consistently adopted" an interpretation of a regulation that comported with a previously-issued interpretation in appendix to regulation); *United States Mosaic Tile Co. v. N.L.R.B.*, 935 F.2d 1249, 1255 n. 6 (11th Cir.1991) (noting that *Chevron* deference is "now applied to most agency actions, including administrative adjudications"). Moreover, the FAA's attempts to characterize its decision underlying the *Air One* litigation as an administrative adjudication is curious in light of its position in *Air One* that its denial of registration was not a final agency decision and did not "amount to a definitive statement of the agency's position." *Air One*, 86 F.3d at 882.

**6.** The FAA does not dispute that the Florida court properly exercised subject-matter and *in rem* jurisdiction over the aircraft. The FAA conceded at oral argument that it was not attacking collaterally any aspect of the Florida court's proceeding.

phans, defining "competent authority" as "a court or governmental agency of a foreign-sending country having jurisdiction and authority to make decisions in matters of child welfare, including adoption"); *cf. also* 15 U.S.C. § 80b–3(e)(2) (1994) (in the context of registration of international advisors, specifying a "foreign court of competent jurisdiction"). Earlier in this regulation, however, the FAA was quite specific in its requirement that a nonjudicial determination must issue from "the official having jurisdiction over the national registry of the foreign country." 14 C.F.R. § 47.37(b)(1) (1999). Such unequivocal language stands in sharp contrast to the very general language of the following paragraph. Rather than specifying that a judgment or decree must issue from a "court of competent jurisdiction of the foreign country concerned," the FAA authorized judgments or decrees from "a court of competent jurisdiction" decided "under the law of the country concerned." *Id.* § 47.37(b)(2). The natural reading of section 47.37(b)(2) is one that recognizes judgments of any court that properly may exercise jurisdiction over the subject matter and parties of the disputed registration so long as the court applies the laws of the country where the aircraft was last registered.

■ This interpretation finds further support from the FAA's inclusion of the modifying phrase "under the laws of the country concerned." 14 C.F.R. § 47.37(b)(2) (1999). We must interpret this regulation so as to give effect to all its provisions and reject any construction that would render any part of it redundant or superfluous. *See Zimring v. Olmstead,* 138 F.3d 893, 900 (11th Cir.1998). If we accept the FAA's argument that the phrase "court of competent jurisdiction" signifies only the registering country, however, the further limitation of applying only that same country's law becomes a surplusage. Although the FAA argues this language would be necessary even under its interpretation, because matters peripheral to the registration might implicate laws of the United States, the argument has little force and is undermined by the language of the regulation itself. The Chicago Convention mandates that questions of registration be made in accordance with the laws of the deregistering country. *See* art. 19, 61 Stat. at 1185. In spite of this, the FAA did not specify that an official's statement regarding registration be made according to his country's own law because the limitation of the competent decision-making authority, the official, necessarily implies the limitation of the law that authority will apply. In the section providing for a judicial alternative, in contrast, specification of the proper law to be applied by the court was necessary because of the lack of limitation on the competent decision-making body, the court.

The interpretation of "court of competent jurisdiction" in section 47.37 is a question of first impression, as the only other court to confront this regulation assumed *sub silentio* that it was a "court of competent jurisdiction" by hearing the appeal and ordering the FAA to register the petitioner's aircraft. *See Air One,* 86 F.3d at 883. In *Air One,* an aircraft owner, unsuccessful in navigating the bureaucratic morass to obtain a statement of deregistration from Spain, sought relief from the Ninth Circuit Court of Appeals. The court, finding the Spanish registration no longer valid, ordered the FAA to register the aircraft in the United States. *See id.* at 883. The jurisdictional challenge in that case centered on whether the FAA had issued a final agency decision, so the court had no occasion to address whether it was a "court of competent jurisdiction." *See id.* at 882. The dissenting judge, however, expressed doubt about the court's competency that was at least implicitly rejected by issuance of the majority's decision. *See id.* at 884 (O'Scannlain, J., dissenting).

The FAA argues *Air One* was incorrectly decided. Even if we were to reject the holding of *Air One,* however, our disposition of this case would not change because

the unique facts and circumstances underlying *Air One* readily distinguish it from those before us. In *Air One*, the petitioner had not sought a judicial determination of the validity of the Spanish registration but rather applied directly to the Court of Appeals. *See id.* at 881. In addition, the Ninth Circuit did not apply Spanish law in concluding that Spain's registration had become invalid. *See id.* at 884 (O'Scannlain, J., dissenting). In this case, however, IAL adhered to the requirements of section 47.37(b)(2) by securing a final judgment of a Florida court that, according to the laws of Brazil, the Brazilian registration was no longer valid.

The FAA's most persuasive argument for its interpretation of the regulation flows from its obligations under the applicable treaties and statutes. If courts in the United States are permitted to determine the validity of foreign registrations, the FAA argues, there will be little incentive for other signatory countries to honor registrations in the United States. Moreover, allowing United States courts to determine the validity of foreign registrations would frustrate the Chicago Convention's goal "to avoid friction and promote ... cooperation between nations and peoples of the world." Preamble, 61 Stat. at 1180.

Close examination of the FAA's obligations, however, does not alter our reading of the regulation. The Chicago Convention dictates that "an aircraft cannot be *validly* registered in more than one State ... [and] ... transfer of registration of aircraft in any contracting State shall be made in accordance with its laws and regulations." *Id.* arts. 18–19, 61 Stat. at 1185. Congress iterated that an aircraft may be registered in the United States if it is "not registered under the laws of a foreign country," 49 U.S.C. § 44102(a)(1) (1994), and admonished the FAA generally to "consider applicable laws and requirements of a foreign country." *Id.* § 40105(b)(1)(B). Nothing in the language of the treaties or the statutes requires the

intervention of foreign courts as long as due regard is accorded to the laws of that country. If a United States court decides, according to the applicable foreign laws, that the prior registration has ended or become invalid, there is no longer a valid registration in another country that would impede registration in this country.

■ The FAA's suggested interpretation of the regulation that limits the courts that are of "competent jurisdiction" might help "avoid friction," but it is an interpretation that is neither mandated by the applicable laws nor supported by the language of the regulation itself. We therefore conclude that federal and state courts in the United States that properly can exercise subject matter and either personal or *in rem* jurisdiction are courts of competent jurisdiction within the meaning of 14 C.F.R. § 47.37(b)(2). If such a competent court determines, under the laws of the country whose registration is disputed, that the registration has ended or otherwise become invalid, the applicant has satisfied the requirement set forth in section 47.37.

In reaching this conclusion, this court is mindful of the potential conflict that might arise from application of the regulation as its plain language suggests and the need for the FAA's circumspection when considering the validity of another country's registration. These policy concerns, however legitimate, are not sufficient to override the language of the regulation which, in the absence of any official agency interpretation, is our only guide. If the FAA remains concerned about the possible friction that might arise from applying the plain language of the regulation, it may consider amending or clarifying the regulation.

In view of our holding that the Florida court was a court of competent jurisdiction, its final judgment and decree, concluding that the Brazilian registration was

invalid under Brazilian law,[7] satisfied the requirements of section 47.37(b)(2).[8] IAL is therefore entitled to have its aircraft registered in the United States.

### C. Holders of Recorded Rights

■ The FAA argues in the alternative that it properly refused to register IAL's aircraft for failure to satisfy the other requirement set forth in its regulation, that is, providing evidence that all holders of recorded rights in the aircraft have been satisfied or that the holders otherwise consented to the transfer. *See* C.F.R. § 47.37(a)(3)(ii). IAL counters that without any indication there are any holders of recorded rights, there is no requirement to be met. IAL never transferred title to the aircraft and, after the conditional sale fell through, the potential purchaser renounced any interest in the aircraft. The FAA received IAL's affidavit of continuous ownership of the aircraft. There is no evidence in the record of any other holders of recorded rights. IAL cannot prove that nonexistent holders of recorded rights consent to the transfer, and the FAA may not predicate its refusal to register IAL's aircraft on this basis.

### III. CONCLUSION

For the foregoing reasons, IAL's petition for review is GRANTED and the FAA is hereby ORDERED to register the Boeing 727–247 Aircraft bearing manufacturer's serial number 20974.

7. The FAA also refers to the act of state doctrine, a doctrine that precludes the courts of one country from sitting in judgment on another country's internal governmental acts, *see Banco Nacional de Cuba v. Sabbatino,* 376 U.S. 398, 416, 84 S.Ct. 923, 934, 11 L.Ed.2d 804 (1964), to support its position, but its reliance on that doctrine is unclear. Although the FAA does not argue that the Florida court contravened the doctrine in issuing its final judgment, *see* Resp't Br. at 28, it suggests that IAL's proposed interpretation implicates issues raised in "the general run" of act of state doctrine cases, *see id.* The act of state doctrine either applies or it does not; the FAA may not argue both ways. Other

COX, Circuit Judge, dissenting:

Because it appears reasonable to me that only a Brazilian court is a "court of competent jurisdiction" to determine the validity of an aircraft registration in Brazil under 14 C.F.R. § 47.37(b)(2), I respectfully dissent.

I understand our review to require substantial deference to the FAA's interpretation of its own regulation. *See Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 2386, 129 L.Ed.2d 405 (1994); *Interstate Brands Corp. v. Local 441 Retail, Wholesale and Dep't Store Union, AFL–CIO,* 39 F.3d 1159, 1163 (11th Cir.1994). "Our task is not to decide which among several competing interpretations best serves the regulatory purpose" because an "agency's interpretation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Interstate Brands Corp.,* 39 F.3d at 1163 (internal quotation marks and citations omitted).

The history of this informal agency action does not support that the FAA's interpretation of § 47.37 is merely a litigating position or a post-hoc rationalization of its action. In an October 17, 1996 letter to IAL, following IAL's submission of the Dade County, Florida Circuit Court judgment, the FAA expressed concerns about international comity and invited further discussion regarding the judgment. The FAA formally explained its interpretation of the term "court of competent jurisdiction" to IAL in a June 23, 1997 letter.

United States courts will be no more likely to run afoul of the act of state doctrine than the Florida court did here, in deciding that a Brazilian registration was invalid in spite of contrary actions of Brazilian officials, and the FAA does not argue the Florida court acted improperly. If, however, the FAA means only that IAL's interpretation would impede international comity, those concerns are valid but we have addressed them adequately already.

8. We do not have occasion to consider the correctness of the Florida court's decision. *See* note 6, *supra.*

Then, in its September 9, 1998 final decision, the FAA referred to the June 23, 1997 letter to provide at least some of the reasons for its refusal to register IAL's aircraft. Thus, the FAA's position was consistent throughout this informal adjudication, and its interpretation of the regulation was not a mere litigating position, advanced for the first time before this court. *Cf. Martin v. Occupational Safety & Health Review Comm'n*, 499 U.S. 144, 156, 111 S.Ct. 1171, 1179, 113 L.Ed.2d 117 (1991) (noting that "agency 'litigating positions' are not entitled to deference when they are merely appellate counsel's *'post hoc* rationalizations' for agency action, advanced for the first time in the reviewing court.").

The FAA's short history of interpreting "court of competent jurisdiction" in 14 C.F.R. § 47.37(b)(2) does not undermine the level of deference due. Although the FAA has interpreted the term only twice, it has offered the same interpretation both times. *See Zimring v. Olmstead*, 138 F.3d 893, 897 (11th Cir.1998), *vacated in nonrelevant part by Olmstead v. Zimring*, 527 U.S. 581, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999) (finding substantial deference due when the Attorney General had consistently adopted the same interpretation of a regulation); *cf. William Bros., Inc. v. Pate*, 833 F.2d 261, 265 (11th Cir.1987) (declining to accord deference to an administrative interpretation, in part, because a contradictory interpretation of the regulation had been offered in the past).

The FAA's interpretation of the regulation furthers the policy behind international and U.S. law governing aircraft registration. Under international treaty obligations, "[a]n aircraft cannot be validly registered in more than one State." Chicago Convention, art. 18, 61 Stat. at 1185. To comply with this obligation, Congress enacted a statute providing that, to be registered in the United States, an aircraft cannot be registered under the laws of a foreign country. *See* 49 U.S.C. § 44102(a). To administer this statute, the FAA promulgated a regulation providing that its Administrator may accept "[a] final judgment or decree of a court of competent jurisdiction that determines, under the law of the country concerned, that the registration has in fact become invalid" as competent evidence that a foreign registration is invalid. 14 C.F.R. § 47.37. Administering this scheme, the FAA has required the "court of competent jurisdiction" to be a court in the foreign country where the aircraft is registered.

The majority faults the regulation for its internally inconsistent levels of specificity, contrasting the highly specific "official having jurisdiction over the national aircraft registry of the foreign country" of § 47.37(b)(1) with the more general "court of competent jurisdiction" of § 47.37(b)(2). The fact that inconsistent language appears between sections addressing different types of evidence from different sources, however, does not render the FAA's interpretation of § 47.37(b)(2) unreasonable. My understanding is that we are to defer to the FAA's interpretation if it is reasonable, not determine whether the regulation is internally inconsistent or whether its language would support another interpretation.

According to the FAA, the term "court of competent jurisdiction" implicitly includes a requirement that the court be in the foreign country where the aircraft has been registered. In light of international comity concerns, this interpretation appears reasonable. *See Air One Helicopters, Inc. v. Federal Aviation Admin.*, 86 F.3d 880, 885 (9th Cir.1996) (O'Scannlain, J., dissenting). I do not find the majority's interpretation of the statute unreasonable; rather, I disagree with the majority's conclusion that no deference is due the FAA's interpretation. We must defer to the FAA's interpretation unless an "alternative reading is compelled by the regulation's plain language or by other indications of the [Administrator]'s intent at the time of the regulation's promulgation."

*Gardebring v. Jenkins,* 485 U.S. 415, 430, 108 S.Ct. 1306, 1314, 99 L.Ed.2d 515 (1988). Because I conclude that nothing compels an alternate reading of § 47.37(b)(2), I would affirm the FAA's final determination not to register IAL's aircraft.