AMALGAMATED CLOTHING AND TEX-TILE WORKERS UNION, AFL–CIO, et al. and Seafarers International Union, AFL–CIO, et al., Plaintiffs-Appellants,

v.

J. P. STEVENS & CO., INC. et al., Defendants-Appellees.

AMALGAMATED CLOTHING AND TEXTILE WORKERS UNION, Plaintiff-Appellant,

v.

J. P. STEVENS & CO., INC., Defendant-Appellee.

Nos. 580, 595, Dockets 79–7595, 79–7631.

United States Court of Appeals, Second Circuit.

Argued April 2, 1980.

Decided Dec. 23, 1980.

Alan G. Blumberg, New York City (Irving J. Alter, Richard G. Liskov, Szold, Brandwen, Meyers & Altman, and Arthur M. Goldberg, Gen. Counsel, New York City, on the brief), for plaintiff-appellant Amalgamated Clothing and Textile Workers Union in No. 79–7631.

Joel I. Klein, Washington, D. C. (Harry Huge, David R. Boyd, H. Bartow Farr III, Rogovin, Stern & Huge, Washington, D. C., Irving J. Alter, Alan Blumberg, Richard G. Liskov, and Szold, Brandwen, Meyers & Altman, New York City, on the brief), for plaintiff-appellant Amalgamated Clothing and Textile Workers Union in No. 7595.

David I. Jaffe and Schulman & Abarbanel, New York City, on the brief for plaintiff-appellant Seafarers International Union in No. 79–7595.

Jay Topkis, New York City (Susan P. Carr, Jamie B. W. Stecher, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, on the brief), for defendant-appellee.

Ralph C. Ferrara, Gen. Counsel, Jacob H. Stillman, Assoc. Gen. Counsel, Linda W. Otto, Sp. Counsel, and Richard A. Kirby, Washington, D. C., submitted a brief for the Securities and Exchange Commission as amicus curiae in No. 79–7595.

Before VAN GRAAFEILAND and NEWMAN, Circuit Judges, and GOETTEL, District Judge.*

---

* Honorable Gerard L. Goettel of the United States District Court for the Southern District of New York, sitting by designation.

PER CURIAM:

During the course of its protracted struggle with J. P. Stevens & Co., the Amalgamated Clothing and Textile Workers Union brought two somewhat novel lawsuits in the District Court for the Southern District of New York. The first alleged violation of the antitrust and civil rights laws. The second, brought by the Union as a shareholder of the Company, alleged unlawful proxy solicitation in violation of Rule 14a–9, 17 C.F.R. § 240.14a–9 (1979). Both suits were dismissed for failure to state a claim on which relief could be granted, the antitrust suit by Judge Charles S. Haight, Jr., D. C., 475 F.Supp. 482, and the securities suit by Judge Pierre N. Leval, D. C., 475 F.Supp. 328. While appeals from both dismissals were pending, the Union and the Company entered into a comprehensive settlement covering many of the matters in dispute between them. The settlement includes the following provision concerning these appeals:

The parties hereby agree that, upon final disposition by the United States Court of Appeals for the Second Circuit of the appeals now pending in ACTWU v. J. P. Stevens, 79–7631 and ACTWU v. J. P. Stevens, 79–7595, neither party shall further appeal from, or seek review of, or otherwise pursue the prosecution or defense of these cases.

By letter dated October 20, 1980, counsel for the Union advised this Court that the settlement "contemplates that the Court of Appeals would proceed to render decisions in the two pending appeals." Nevertheless, counsel also reported that he had advised his client of "a serious question" as to whether the terms of the settlement have mooted these appeals.

The agreement between the parties [1] contains two elements. First, the parties have agreed not to seek further appellate review of any decision this Court might render.

That aspect of the agreement has no bearing on mootness. If parties bring to court a live controversy, a court performs a traditional adjudicatory function in deciding the controversy, even though the court is informed beforehand that its decision will be accepted by the parties as final. Second, the parties have agreed not to pursue the prosecution or defense of these cases. This arrangement has mooted the controversy.

A live controversy, within the Article III jurisdiction of the federal courts, requires a plaintiff seeking relief and a defendant opposing that relief. By virtue of its agreement with the Company, the Union had abandoned its claim for relief in both cases. The Union seeks only a ruling that its complaints state valid claims, but it has agreed, in the event of a favorable ruling, not to proceed further in an effort to obtain relief. Since such a ruling would not advance toward completion the resolution of any live controversy between the parties as to the plaintiff's entitlement to relief, the ruling would be an advisory opinion beyond the competence of an Article III court. *See Flast v. Cohen,* 392 U.S. 83, 95, 88 S.Ct. 1942, 1949, 20 L.Ed.2d 947 (1968); *United States v. Fruehauf,* 365 U.S. 146, 81 S.Ct. 547, 5 L.Ed.2d 476 (1961).

Since the effect of the parties' agreement is to render these cases moot, we vacate the judgments of the District Court, which adjudicated the legal sufficiency of the complaints, and remand with directions that the actions be dismissed as moot. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

---

1. An additional party in the proxy solicitation lawsuit is the Seafarers International Union, which also sued as a shareholder of the Company. By letter to this Court dated November 7, 1980, counsel for the Seafarers Union advised that this Union would consent to an order vacating the judgment of the trial court and remanding for dismissal as moot, if this Court were to conclude that the agreement between the Textile Workers Union and the Company would have rendered the appeal moot if they had been the sole parties to the appeal.