**MANUFACTURERS HANOVER TRUST COMPANY, Plaintiff–Appellee,**

v.

**Nicholas YANAKAS, Defendant–Appellant,**

**Charles Buonincontri and Camille Buonincontri, Defendants.**

No. 1512, Docket 92–9148.

United States Court of Appeals, Second Circuit.

Submitted Oct. 27, 1993.

Decided Dec. 13, 1993.

Jamie M. Brickell, New York City (Pryor, Cashman, Sherman & Flynn, Simpson Thacher & Bartlett, of counsel), for plaintiff-appellee.

David A. Field, New York City (Field, Lomenzo, Turret & Blumberg, of counsel), for defendant-appellant.

Before KEARSE, PRATT, and MINER, Circuit Judges.

KEARSE, Circuit Judge:

■ The appeal in this matter, in which defendant Nicholas Yanakas challenged the granting of summary judgment to plaintiff Manufacturers Hanover Trust Co. (the "Bank") on its claim to enforce certain guarantees, was decided in an opinion filed on October 18, 1993, see *Manufacturers Hanover Trust Co. v. Yanakas,* 7 F.3d 310 (2d Cir.1993) ("October judgment"). We affirmed in part, reversed in part, and remanded for trial as to certain defenses and counterclaims asserted by Yanakas. On October 27, 1993, after the filing of our opinion but before the issuance of the mandate, Yanakas and the Bank jointly moved for vacatur of the October judgment on the ground that they have conditionally reached an agreement to settle all of the claims in the suit if this Court will vacate its decision. For the reasons below, we deny the motion.

In support of their motion, the parties argue that vacatur is appropriate in light of Supreme Court decisions such as *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *Duke Power Co. v. Greenwood County,* 299 U.S. 259, 57 S.Ct. 202, 81 L.Ed. 178 (1936) (per curiam); and *Stewart v. Southern Railway Co.,* 315 U.S. 784, 62 S.Ct. 801, 86 L.Ed. 1190 (1942) (per curiam), and this Court's decision in *Nestle Co. v. Chester's Market, Inc.,* 756 F.2d 280 (2d Cir.1985), and they argue that vacatur will promote judicial efficiency by obviating the need for proceedings on remand. The cases do not support a proposition that we are required to vacate a decision filed by this Court, and we are not persuaded that vacatur of such a judgment on the grounds presented is prudentially sound.

Most of the opinions relied on by the parties deal with the course that should be followed when a case becomes moot while an appeal is pending. In such circumstances, the appeal itself must of course be dismissed because there is no longer a case or controversy for the appellate court to decide, *see, e.g., Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 374, 78 L.Ed.2d 58 (1983) (per curiam); *Penguin Books USA Inc. v. Walsh,* 929 F.2d 69, 72 (2d Cir.1991); the question then is whether the ruling that was the subject of the appeal should be vacated. Several principles may be gleaned from these decisions.

■ If, while the appeal is pending, the case has become moot through "happenstance," the decision that would otherwise have been reviewable must be vacated:

> The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.... That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.

*United States v. Munsingwear, Inc.,* 340 U.S. at 39–40, 71 S.Ct. at 106–07. In such circumstances, the vacatur is mandatory:

> "Where it appears upon appeal that the controversy has become entirely moot, it is the *duty* of the appellate court to set aside the decree below and to remand the cause with directions to dismiss."

*Great Western Sugar Co. v. Nelson,* 442 U.S. 92, 93, 99 S.Ct. 2149, 2149, 60 L.Ed.2d 735 (1979) (per curiam) (quoting *Duke Power Co. v. Greenwood County,* 299 U.S. at 267, 57 S.Ct. at 205 (emphasis in *Great Western Sugar* )).

■ The court should also vacate the district court's decision when the right of a party to appellate review is curtailed for reasons of mootness not attributable to that party:

> In *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, this Court expressed the view that a party should not be concluded in subsequent litigation by a

District Court's resolution of issues, when appellate review of the judgment incorporating that resolution, otherwise available as of right, fails because of intervening mootness.

*A.L. Mechling Barge Lines, Inc. v. United States,* 368 U.S. 324, 329, 82 S.Ct. 337, 340, 7 L.Ed.2d 317 (1961). The vacatur in these circumstances prevents the party that lost in the district court from suffering the estoppel effects of that court's judgment when, through no fault of its own, the losing party has lost its right to have the judgment reviewed. Without such a vacatur, if a party that won in the district court took action to render the matter moot, the party would "shield[ ] erroneous decisions from reversal," and produce the "bizarre result that judgments mooted [during an] appeal would have greater preclusive effect than cases susceptible of review." *Penguin Books USA Inc. v. Walsh,* 929 F.2d at 73.

■ On the other hand, the appellate court should not vacate the judgment below if the case has become moot due to the voluntary act of the losing party. Thus, in *Karcher v. May,* 484 U.S. 72, 82–83, 108 S.Ct. 388, 391, 98 L.Ed.2d 327 (1987), the Supreme Court was confronted with a matter that had become moot because a losing party had voluntarily abandoned its right to appeal. The Court noted that the "controversy did not become moot due to circumstances unattributable to any of the parties," *id.,* 484 U.S. at 83, 108 S.Ct. at 391, and it refused to vacate the lower courts' decisions, stating that "the *Munsingwear* procedure is inapplicable to this case." *Karcher v. May,* 484 U.S. at 83, 108 S.Ct. at 391. If we were to vacate where the party that lost in the district court has taken action to moot the controversy, the result would be to allow that party to eliminate its loss without an appeal and to deprive the winning party of the judicial protection it has fairly won.

■ None of the Supreme Court cases indicates that the appellate court has a duty to vacate the district court judgment when the parties have agreed on a settlement of the claims between them, that is, where the mootness is neither happenstance, *see, e.g., Oklahoma Radio Associates v. F.D.I.C.,* 3 F.3d 1436, 1439 (10th Cir.1993) ("*Oklahoma Radio Associates* "); *see also In re United*

*States,* 927 F.2d 626, 628 (D.C.Cir.1991), nor attributable to one party but not the other. Nonetheless, the appellate court has discretion to order such a vacatur, and this discretion has been exercised both by the Supreme Court, *see, e.g., Stewart v. Southern Railway Co.,* 315 U.S. at 784, 62 S.Ct. at 801; *see also Oklahoma Radio Associates,* 3 F.3d at 1438–39 (citing cases in which the Supreme Court, without discussion, has ordered vacatur of lower court judgments in cases mooted by settlements), and by this Court, *see, e.g., Long Island Lighting Co. v. Cuomo,* 888 F.2d 230, 233 (2d Cir.1989); *Amalgamated Clothing & Textile Workers Union v. J.P. Stevens & Co.,* 638 F.2d 7, 8 (2d Cir.1980) (per curiam); *see generally Nestle Co. v. Chester's Market, Inc.,* 756 F.2d at 283.

In *Nestle Co. v. Chester's Market, Inc.* ("*Nestle*"), we carried the exercise of our discretion a step further, requiring the district court itself to vacate its judgment if the parties reached a settlement agreement conditioned on such a vacatur while the matter was pending on appeal. In *Nestle,* while the original appeal from the district court judgment was pending, the parties had reached such an agreement with the aid of this Court's staff counsel, and they moved in this Court for vacatur of the district court judgment. With the consent of the parties, we remanded the case to the district court, without prejudice to the parties' right to reinstate the appeal or renew their motion in this Court, in order to allow the motion to vacate to be considered by the district court in the first instance. On remand, the district court refused to vacate the judgment, noting that, since the settlement was conditional, the case was not moot, and ruling that vacatur would be inconsistent with the policy favoring finality of judgments. The parties promptly renewed their motion to vacate in this Court, and, treating the motion as an appeal from the district court's refusal, we reversed, concluding that the refusal constituted an abuse of discretion. We noted that, though the district court's judgment had been final for certain purposes, at the time of the proposed settlement that judgment remained subject to review on appeal. We concluded that the importance of honoring settlements took precedence over "the finality of trial court judgments." 756 F.2d at 283.

The parties in the present case argue that *Nestle* requires that we vacate this Court's October judgment. We see two significant differences between this case and *Nestle.* First, the parties in *Nestle* sought vacatur of a district court judgment, not vacatur of an appellate court judgment. The difference is significant, for, as *Nestle* noted, the district court judgment was subject to review as a matter of right. *See generally A.L. Mechling Barge Lines, Inc. v. United States,* 368 U.S. at 329, 82 S.Ct. at 340 (vacating judgment where case became moot thereby precluding review that was "otherwise available as of right"). Second, in *Nestle,* the motion was made while the appeal was pending. The district court judgment, unlike the district court judgment in the present case, had not been subjected to the appellate scrutiny to which the losing party below was entitled. In the present case, the appeal has already been decided, and though discretionary review may be sought by way of petition for rehearing or petition for certiorari, no party may obtain further review as a matter of right. Thus, we conclude that the granting of the present motion is not required.

■ Nor do we view the granting of such a motion as a wise exercise of discretion, for vacatur of the appellate court's judgment would facilitate two abuses. First, it would allow the parties to obtain an advisory opinion of the court of appeals in a case in which there may not be, or may no longer be, any genuine case or controversy; the federal courts of course have no jurisdiction to render such opinions. Second, even where there was a genuine case or controversy, it would allow a party with a deep pocket to eliminate an unreviewable precedent it dislikes simply by agreeing to a sufficiently lucrative settlement to obtain its adversary's cooperation in a motion to vacate. We do not consider this a proper use of the judicial system. *See Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.,* — U.S. —, —, 114 S.Ct. 425, 431, 126 L.Ed.2d 396 (1993) (per curiam) ("*Izumi*") (Stevens, J., dissenting from dismissal of certiorari as improvidently granted) ("Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand

unless a court concludes that the public interest would be served by a vacatur."). Indeed, for this reason some of our sister Circuits refuse to vacate even a district court judgment upon the parties' settlement. *See, e.g., In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1301–02 (7th Cir.1988). Although this Circuit's refusal to vacate is limited to judgments as to which there is no right of review, we agree with the Seventh Circuit that

> [w]hen a clash between genuine adversaries produces a precedent, ... the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property.

*In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d at 1302. The Tenth Circuit in *Oklahoma Radio Associates*, after surveying cases from the Supreme Court and all of the Circuits, *see* 3 F.3d at 1437–44, similarly concluded that

> The furthering of settlement of controversies is important and desirable, but there are significant countervailing considerations which we must also weigh. A policy permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with the potential for abuse. We agree with the Seventh Circuit that "an opinion is a public act of the government, which may not be expunged by private agreement." ... We agree with Judge Easterbrook's view that the parties "are not free to contract about the existence of these decisions."

*Oklahoma Radio Associates*, 3 F.3d at 1444 (quoting *In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d at 1300 and 1303). *See also Clarendon Ltd. v. Nu–West Industries, Inc.*, 936 F.2d 127, 129 (3d Cir.1991) (policy of encouraging settlements does not "override[ ] the policy that a losing party with a deep pocket should not be permitted to use a settlement to have an adverse precedent vacated"); *Izumi*, —— U.S. at ——, 114 S.Ct. at 431 (Stevens, J., dissenting) ("While it is appropriate to vacate a judgment when mootness deprives the appellant of an opportunity for review, *United States v. Munsing-*

*wear*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), that justification does not apply to mootness achieved by purchase.").

■ In sum, while this Court has encouraged the parties to settle cases before the filing of a decision that is not reviewable as of right, once such a decision has been rendered we decline to allow them to dictate, by purchase and sale, whether the precedent it sets will remain in existence.

■ Finally, we reject the parties' argument that we should grant their motion in the interest of judicial economy because vacatur would avoid the need for further proceedings on remand. There are some indications that the promise of greater judicial economy may be illusory. *See generally Izumi*, —— U.S. at ——, 114 S.Ct. at 431 (Stevens, J., dissenting). More importantly, when the proposed savings can be realized only at the cost of increasing the vulnerability of the judicial system to manipulation, we view the investment as unsound.

The joint motion for vacatur of this Court's judgment of October 18, 1993, is DENIED.