IAL AIRCRAFT HOLDING,
INC. Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION
Respondent.

No. 98–5522.

United States Court of Appeals,
Eleventh Circuit.

July 6, 2000.

Francis A. Anania, Douglas H. Stein, Anania, Bandklayder, Blackwell & Baumgarten, Miami, FL, for Petitioner.

Edward Himmelfarb, Robert S. Greenspan, U.S. Dept. of Justice, App. Staff, Civ. Div., Washington, DC, for Respondent.

Before COX and KRAVITCH, Circuit Judges, and PROPST*, District Judge.

KRAVITCH, Circuit Judge:

■ Respondent Federal Aviation Administration's ("FAA") motion to recall this court's mandate requires us to revisit our earlier decision as part of our "continuing duty to review [the] jurisdiction of an appeal at any point in the appellate process." *National Solid Wastes Management Assoc. v. Alabama Dep't of Envtl. Management,* 924 F.2d 1001, 1002 (11th Cir.1991) (quotation and citation omitted). In our earlier decision in this case, we reviewed an order of the FAA in which it refused to register an aircraft belonging to Petitioner IAL Aircraft Holding, Inc. ("IAL"), on the ground that the aircraft was already registered in Brazil. After briefing and argument, this court filed an opinion on March 13, 2000, in which the majority of the panel granted IAL's petition for review and ordered the FAA to register the aircraft in the United States. *See IAL Aircraft Holding, Inc. v. FAA,* 206 F.3d 1042, 1048–49 (11th Cir.2000). The FAA did not petition for rehearing, and the mandate issued on May 16, 2000.

The day after the mandate issued, officials at the Brazilian registry informed the FAA that the subject aircraft had been re-registered in Brazil based on documentation that included a bill of sale dated October 29, 1999, in which IAL had sold the aircraft to CSB Serviços Ltda. IAL did not inform its attorneys or this court of its sale of the aircraft; we were apprised by the FAA's motion to recall the mandate. In its motion, the FAA contends that this court must vacate its earlier opinion because the sale of the aircraft rendered the subject matter of the appeal moot, thereby divesting this court of its appellate jurisdiction. In response, IAL argues that recall of a mandate is an extraordinary remedy not warranted here. Because we are satisfied that this case became moot when the aircraft was sold on October 29, 1999, and re-registered in Brazil, we lacked jurisdiction when we issued our opinion on March 13, 2000.

■ A prerequisite to Article III standing is the existence of a live "case or controversy." This requirement not only must exist at the time the complaint is filed, but at all stages of appellate review. *See Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). "In this circuit, when a case becomes moot after the panel publishes its decision but before the mandate issues, we dismiss the appeal, vacate the district court's judgment, and remand to the district court with instructions to dismiss the case." *Key Enters. v. Venice Hosp.,* 9 F.3d 893, 894 (11th Cir.1993) (en banc); *see also United States v. Munsingwear, Inc.,* 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950) ("The established practice of the

---

* Honorable Robert B. Propst, U.S. District Judge for the Northern District of Alabama, sitting by designation.

Court in dealing with a civil case ... which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.").

■■ Insofar as courts generally do not recall their mandates when a case becomes moot *after* the mandate issues,[1] this does not inform our decision here because this case became moot *before* the opinion was filed, even though this court was not so apprised. Although this court acted in good faith on the belief that it had jurisdiction when it issued its opinion, the cessation of any redressable legal injury upon the sale of IAL's aircraft on October 29, 1999, ended this court's jurisdiction on that date. Without a live case or controversy, we have no authority to address the merits of an appeal.[2]

Although it is rather unusual for a court to learn, after its mandate issues, that its prior decision lacked a jurisdictional basis, the few courts confronting this issue uniformly have vacated their prior decisions. In *Snow v. United States*, the Supreme Court was alerted for the first time that it had predicated its assertion of jurisdiction in an earlier decision on an erroneous interpretation of a statute. *See* 118 U.S. 346, 354, 6 S.Ct. 1059, 1064, 30 L.Ed. 207 (1886). Finding that "the want of jurisdiction in it is clear" the Court "decided to vacate [the] judgment, and recall the mandate, and dismiss the writ of error for want of jurisdiction." *Id.* at 354, 6 S.Ct. at 1064. More recently, the Ninth Circuit withdrew an opinion that it unknowingly had filed a few months after the case had become moot because it concluded that the court had been "without power" to decide the case. *Bumpus v. Clark*, 702 F.2d 826, 826–27 (9th Cir.1983); *see also United States v. Pressman (In re Grand Jury Proceedings)*, 593 F.2d 906, 906 (9th Cir. 1979) (recalling mandate and vacating decision that had become moot before the opinion was filed). Similarly, the Second Circuit recalled its mandate to consider its prior jurisdiction when it later learned that the defendant had been deported prior to the court's decision. *See United States v. Londono*, 100 F.3d 236, 237 (2d Cir.1996).

■■ The question we must answer then is: Did we have jurisdiction when we issued our decision? We evaluate our jurisdiction at the moment the alleged mooting event occurred. In *Key Enterprises*, this court granted a petition for rehearing en banc after the case already had settled. In its subsequent opinion, the en banc court concluded that the "case was, and is, moot, and our decision to rehear [it] en banc ... was improvident." 9 F.3d at 896–97. This court reasoned that "[t]he point at which our jurisdiction is to be determined ... is the moment the case settled.... [N]o case or controversy existed at that time." *Id.* at 897. Under this standard, our jurisdiction ended on October 29, 1999, when the aircraft was sold, because at that point IAL no longer suffered from an injury redressable by this court.

■ Even though we lacked jurisdiction at the time we issued our earlier opinion, IAL nevertheless contends this court may not vacate a decision for mootness after the mandate issues absent extraordinary circumstances. *See Calderon v. Thompson*, 523 U.S. 538, 550, 118 S.Ct. 1489, 1498, 140 L.Ed.2d 728 (1998). Jurisdiction is a threshold question, however, and this court was without jurisdiction when the original decision and mandate issued. Under these circumstances, we

---

1. At least one court recalled its mandate when a case became moot during the time available for filing a petition for certiorari. *See Brewer v. Swinson*, 837 F.2d 802, 806 (8th Cir.1988).

2. Even after a case becomes moot, however, courts of appeals always have jurisdiction to determine mootness and recall their mandates. *See Calderon v. Thompson*, 523 U.S. 538, 550, 118 S.Ct. 1489, 1498 (1998); *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 21, 115 S.Ct. 386, 389–90, 130 L.Ed.2d 233 (1994).

are compelled to recall the mandate and vacate our earlier decision.

MANDATE RECALLED AND OPINION VACATED.