**BRITISH INTERNATIONAL INSURANCE COMPANY LIMITED, Plaintiff–Appellant,**

v.

**SEGUROS LA REPUBLICA, S.A., Defendant–Appellee.**

**Docket No. 01–9079.**

United States Court of Appeals, Second Circuit.

Argued: June 11, 2003.

Decided: Aug. 26, 2003.

Motion to Vacate Judgment: Sept. 22, 2003.

Decided: Dec. 4, 2003.

Shawn L. Kelly (Michael R. O'Donnell, of counsel; John R. Vales, on the brief), Riker, Danzig, Scherer, Hyland & Perretti LLP, Morristown, NJ, for Plaintiff-Appellant.

Charles Cummings, Baker & McKenzie, New York, NY, for Defendant–Appellee.

Before: MINER, JACOBS, and CABRANES, Circuit Judges.

JACOBS, Circuit Judge.

The reinsurance dispute underlying this appeal was resolved by an opinion, familiarity with which is assumed. *See British Int'l Ins. Co. v. Seguros La Republica, S.A.,* 342 F.3d 78 (2d Cir.2003)(the "Opinion"). Plaintiff–Appellant British International Insurance Company Limited ("BIIC") now moves for an order vacating that Opinion. BIIC contends that the parties entered into a stipulation to withdraw the appeal five days prior to issuance of the Opinion, and that although the stipulation was not filed prior to issuance of the Opinion and mandate, it effectively mooted the case or controversy and ended this Court's jurisdiction. Defendant–Appellee Seguros La Republica, S.A. ("Seguros") takes no position on BIIC's motion.

## BACKGROUND

The parties argued the underlying appeal on June 11, 2003; on August 26, 2003, this Court issued its Opinion affirming the judgment of the United States District Court for the Southern District of New York (Keenan, *J.*); and our mandate issued on September 17, 2003. BIIC moved to vacate the Opinion on September 22, 2003.

Counsel for BIIC avers that he telephoned the Clerk's Office on August 18, 2003 to advise the Court that the litigants had reached a settlement *in principle,* and an unidentified individual instructed him to submit a formal letter. No such letter was sent; but BIIC's counsel states that he called the Clerk's Office again on August 20, 2003 and spoke with a deputy clerk, who instructed him to submit a Rule 42(b) stipulation.

According to BIIC's counsel: he e-mailed a proposed stipulation to counsel for Seguros on August 21, 2003; opposing counsel indicated that Seguros would consent; the stipulation was e-mailed back that same day; and the signed paper arrived via regular mail on August 25, 2003; but "vacation schedules" prevented the timely filing of the stipulation, and in the meantime the Opinion was issued and the mandate went forth. The stipulation still has not been filed with the Court.

BIIC evidences the stipulation by two undated copies that seem to be proffered as counterpart copies—except that both are signed only by counsel for Seguros. BIIC asserts, nonetheless, that this unfiled stipulation mooted the case or controversy and that the Court therefore lacked subject matter jurisdiction when it issued its Opinion.

## DISCUSSION

We decline to vacate our Opinion because (among other available grounds): (1) the parties' tentative agreement failed to moot the case or controversy; (2) either party was free to withdraw from the stipulation of discontinuance prior to its filing with the Court; and (3) our mandate has issued, and no extraordinary circumstance justifies recall.

### I

 The mootness doctrine provides that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson,* 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Pow-*

*ell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). A case is not moot, however, "so long as the appellant retains some interest in the case, so that a decision in its favor will inure to its benefit." *New England Health Care Employees Union, Dist. 1199, SEIU AFL–CIO v. Mount Sinai Hosp.,* 65 F.3d 1024, 1029 (2d Cir.1995). Thus, where settlement is "tentative," the underlying dispute "is not moot." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 465 n. 3, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

■ BIIC concedes that the agreement constituted only a "settlement in principle." The "tentative nature" of such an agreement suggests that "this case [was] not moot." *See id.* Some residual controversy evidently persisted that forestalled a final agreement. This Court's decision in Seguros's favor therefore "inure[d] to [Seguros's] benefit." *See Mount Sinai Hosp.,* 65 F.3d at 1029.

This analysis is complicated by the stipulation withdrawing the appeal. But the stipulation was likewise tentative because it provided for dismissal without prejudice and permitted either party to seek reinstatement within a two-month window.

## II

■ In any event, the parties failed to file a stipulation before the Court issued its mandate, rendering the stipulation inconsequential. Parties seeking voluntary dismissal must "file a signed dismissal agreement." Fed. R.App. P. 42(b). This is because a party to a Rule 42(b) stipulation of dismissal may withdraw prior to filing. *Totalplan Corp. of Am. v. Colborne,* 14 F.3d 824, 828–29 (2d Cir.1994). Presumably for that reason, settlement agreements often provide that any party is authorized to file the stipulation of discontinuance.

BIIC concedes that the Clerk's Office twice explained the need to file a formal notice of the stipulation. However, BIIC never filed a categorical stipulation with the Court. Consequently, the stipulation between these parties could not have mooted this controversy.

## III

■ Lastly, the motion to vacate comes after we issued our mandate. We may recall our mandate, but "this power is to be exercised sparingly, and reserved for exceptional circumstances." *Sargent v. Columbia Forest Prods., Inc.,* 75 F.3d 86, 89 (2d Cir.1996) (internal citations and quotation marks omitted). "The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson,* 523 U.S. 538, 549–50, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (involving the courts of appeals' "inherent power to recall their mandates"). This restraint is justified by the "need to preserve finality in judicial proceedings." *Sargent,* 75 F.3d at 89.

No extraordinary circumstance has been cited, and we see none. In the circumstances, it would be an abuse of discretion for this Court to recall its mandate. *See, e.g., Calderon,* 523 U.S. at 549–53, 118 S.Ct. 1489.

BIIC's legal argument consists largely of an (unsuccessful) effort to distinguish *Manufacturers Hanover Trust Co. v. Yanakas,* 11 F.3d 381 (2d Cir.1993). The parties in *Yanakas* settled after our opinion issued but before issuance of the mandate, and the settlement was conditioned on vacatur of the Court's previously issued opinion. We ruled that once a decision is issued "that is not reviewable as of right, . . . we decline to allow [the parties] to dictate, by purchase and sale, whether the

precedent it sets will remain in existence."
*Id.* at 385.

*Yanakas* does not deal with mootness or jurisdiction, because the settlement was conditioned on the vacatur. The case therefore has little bearing on the present motion, except that the opportunity for abuse that *Yanakas* foreclosed also exists where, as here, the parties privately settle their own dispute without filing a motion for voluntary dismissal, and then either dither, or await an opinion that (depending on how it goes) can be made the subject of a motion to vacate.

Furthermore, this case differs from *IAL Aircraft Holding Inc. v. FAA*, 216 F.3d 1304 (11th Cir.2000), where the Eleventh Circuit recalled a mandate that had ordered the FAA to register appellant's airplane, *see id.*, 206 F.3d 1042, 1048–49 (11th Cir.2000). After the mandate issued, the court learned that appellant had sold the aircraft to a third party before the court had issued its opinion, *id.*, 216 F.3d at 1305, and recalled its mandate for correction because the transfer mooted the controversy and thus left the court without jurisdiction. We do not consider whether the ruling in *IAL* was compelled (or sound), because the agreement between BIIC and Seguros was tentative, whereas the sale of the airplane in *IAL* was final.

\*　　\*　　\*　　\*　　\*　　\*

For the foregoing reasons, we deny the motion to vacate.