**Kabalu Kabasele BADIMU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Department of Homeland Security, Bureau of Immigration and Customs Enforcement, Respondents.**

No. 04–1894–ag.

United States Court of Appeals, Second Circuit.

July 12, 2006.

Kabalu Kabasele Badimu, pro se, Asheville, NC, for Petitioner.

Paul I. Perez, United States Attorney; Karin B. Hoppmann, Assistant United States Attorney, Appellate Division, Tonya L. Shotwell, Assistant United States Attorney, Asset Forfeiture Division, Tampa, FL, for Respondent.

PRESENT: WALKER, Chief Judge, JAMES L. OAKES and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

The respondent moves to recall the Court's order dated March 31, 2006 for lack of jurisdiction, in light of the Court's prior issuance of a mandate on November 21, 2005. The respondent also moves, pursuant to Fed. R.App. P. 41, to stay the time for filing a petition for rehearing of the March 31, 2006 order pending resolution of the motion to recall. For the reasons that follow, the motion is granted, and the March 31, 2006 order is recalled. Additionally, the Court *sua sponte* recalls the November 21, 2005 mandate and reissues the March 31, 2006 order.

While we assume the parties are familiar with the background of this motion, we briefly describe the circumstances that led up to it. Due to errors in the Staff Attorney's Office and the Clerk's Office, this case was mistakenly assigned to two separate panels on the Court. On October 7, 2005, one panel dismissed the petition for review as lacking an arguable basis in fact or law; the mandate for this order was issued on November 21, 2005. On March 31, 2006, a second panel issued an order granting the petition for review and remanding to the Board of Immigration Ap-

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-
mer Attorney General John Ashcroft as a respondent in this case.

peals for further proceedings. On April 16, 2006, the respondent filed the instant motion.

We agree with the respondent that the second panel was without jurisdiction to issue the order of March 31, 2006, and we hereby recall that order. However, after consultation among both panels who considered the original petition for review, the Court has concluded that exceptional circumstances warrant recall of the November 21, 2005 mandate, as well. *See, e.g., British Int'l Ins. Co. v. Seguros La Republica, S.A.,* 354 F.3d 120, 123 (2d Cir.2003). Accordingly, we hereby recall that mandate, thereby restoring jurisdiction over the petition for review to the Court.

Having done so, we reissue our order of March 31, 2006 in a separate order dated today. Pursuant to Fed. R.App. P. 40(a), the respondent may seek rehearing within 45 days of entry of judgment of these orders. Pursuant to Fed. R.App. P. 41, the mandate will issue seven days after the time to file a petition for rehearing expires.