09-2634-cv
Aponte v. City of N.Y. Dep't of Corr.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                              **Chief Judge**,
                RALPH K. WINTER,
                JOSEPH M. McLAUGHLIN,
                              **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X

Daniel Aponte,
        **Plaintiff-Appellant**,

        **-v.-**                                    09-2634-cv

City of New York Department of
Corrections <u>et al.</u>,
        **Defendants-Appellees**.

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          Daniel Aponte, <u>pro se</u>, Effort, PA.

**FOR APPELLEE:**           Larry A. Sonnenshein, The City of
                            New York, Law Department, New York,
                            NY.

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**, and the motion to recall our mandate in the appeal docketed under 98-9067-cv be **DENIED**.

Plaintiff-Appellant Daniel Aponte, <u>pro se</u>, appeals from the order of the United States District Court for the Southern District of New York (Rakoff, <u>J.</u>), denying Appellant's motion for reconsideration, pursuant to Fed. R. Civ. P. 60(b). We assume the parties' familiarity with the facts and procedural history.

Rule 60(b)(2) provides, in relevant part, that a motion for relief from a judgment or order may be granted based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." We review a district court order denying a Rule 60(b) motion for abuse of discretion. <u>See Transaero, Inc. v. La Fuerza Aerea Boliviana</u>, 162 F.3d 724, 729 (2d Cir. 1998). Relief pursuant to Rule 60(b) is available only in "exceptional circumstances." <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." <u>Transaero</u>, 162 F.3d at 729 (internal quotation marks omitted). The district court did not abuse its discretion by denying Appellant's Rule 60(b) motion for reconsideration because it was premised on the legal malpractice of counsel and not the merits of the underlying litigation. Likewise, the additional evidence referenced by Appellant was in support of his claim of legal malpractice. <u>See Boule v. Hutton</u>, 328 F.3d 84, 95 (2d Cir. 2003) ("Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation."); <u>see also</u> Fed. R. Civ. P. 60(c)(1) (a motion for Rule 60(b)(2) relief must be made "no more than a year after the entry of judgment").

Appellant requests that we "reopen" his appeal docketed under 98-9067-cv. We construe this request as a motion to recall our mandate and to reinstate his appeal. Our "power to recall a mandate is unquestioned." <u>Sargent v. Columbia Forest Prods., Inc.</u>, 75 F.3d 86, 89 (2d Cir. 1996). "However, this power is to be exercised sparingly . . . and reserved for exceptional circumstances." <u>Id.</u> (citations and

2

internal quotation marks omitted).  "'The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies.'" <u>British Int'l Ins. Co. v. Seguros la Republica, S.A.</u>, 354 F.3d 120, 123 (2d Cir. 2003) (quoting <u>Calderon v. Thompson</u>, 523 U.S. 538, 549-50 (1998)).  Appellant fails to make any such showing.  The only explanation he offers for waiting almost ten years to raise these claims is that he only "recently" received this Court's decision in an "anonymous package," but concedes later in his brief that, in 2000, his counsel had informed him that his appeal, docketed under 09-9067-cv, had been decided.  No argument is made as to why this Court should recall the mandate other than to request that we reopen the appeal so he can add a legal malpractice claim. <u>See</u> <u>Singleton v. Wulff</u>, 428 U.S. 106, 120 (1976) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below.").  Accordingly, we find no manifest injustice would result from not recalling the mandate because any appeal would be meritless.

For the reasons stated above, the order of the district court is **AFFIRMED**, and the motion to recall our mandate in the appeal docketed under 98-9067-cv is **DENIED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK