Robinson v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of January, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> CHESTER J. STRAUB,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

David Robinson, Jr.,

>          *Plaintiff-Appellant*,

>          v.                                                No. 13-1173-cv

State of New York, George Alexander, Chairman, New York
State Division of Parole, in his individual and official capacity,
Michael Fork, Bureau Chief, in his individual and official capacity,
Ms. Benjamin, Senior Parole Officer, in his individual and official
capacity, Mr. Fernandez, Parole Officer, in his individual and
official capacity,

>          *Defendants-Appellees*.

_____

For Plaintiff-Apellant:                    David Robinson, Jr., *pro se*, Rockaway Beach, NY.

For Defendants-Appellees:              Andrew B. Ayers, Assistant Solicitor General, New York
                                       State Office of the Attorney General, Albany, NY.


Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Appellant David Robinson, Jr., proceeding *pro se*, appeals from the district court's grant of summary judgment dismissing his claims for injunctive and declaratory relief with respect to the imposition of a special condition of supervised release limiting his ability to possess or acquire a driver's license and to operate a vehicle. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A case becomes moot when it no longer satisfies the 'case-or-controversy' requirement of Article III, Section 2 of the Constitution." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999). "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *Id.*; *see also British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 354 F.3d 120, 122 (2d Cir. 2003) ("[A] case is moot when . . . the parties lack a legally cognizable interest in the outcome." (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

Robinson's term of supervised release expired in October 2013, while his appeal was pending. Because Robinson seeks only injunctive and declaratory relief regarding the conditions imposed on his now-terminated term of supervised release, his action is moot. *See Mercurris*,

2

192 F.3d at 293–94 (dismissing as moot an appeal of an aggravated felony sentencing enhancement after the defendant completed his prison term); *see also Sudler v. City of New York*, 689 F.3d 159, 177–78 (2d Cir. 2012) (finding plaintiffs' request for declaratory judgment moot after they had been released from prison).

We have considered Robinson's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk