**Ronald J. PRYOR, Plaintiff-Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.**

**No. 16-917**

United States Court of Appeals, Second Circuit.

May 8, 2017

FOR APPELLANT: RONALD J. PRYOR, pro se, New York, NY.

FOR APPELLEE: CANDACE SCOTT APPLETON (Varuni Nelson, Arthur Swerdloff, on the brief), Assistant United States Attorneys, for Bridget M. Rohde, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

PRESENT: JOHN M. WALKER, JR., GERARD E. LYNCH, RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

Ronald J. Pryor, proceeding pro se, appeals from a judgment of the District Court (Brodie, J.) in favor of the Commissioner of Social Security. Pryor seeks review of the Commissioner's determination that Pryor made $15,922.54 in unreported earnings in 2008. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review de novo the District Court's judgment on the pleadings, and examine the entire administrative record to determine whether substantial evidence supports the Commissioner's determination and whether the Commissioner applied the correct legal standard. Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010). For substantially the reasons stated by the District Court, we conclude that the Commissioner's determination was supported by

substantial evidence. In a hearing before the Administrative Law Judge ("ALJ"), Pryor failed to credibly rebut the evidence offered by the Commissioner that documented his employment and earnings in 2008. The new evidence Pryor submitted to the Appeals Council "does not contradict the ALJ's finding." Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996). And the evidence submitted for the first time to the District Court and to this Court is either not material or duplicative of evidence already in the record. Remand is therefore not warranted. See 42 U.S.C. § 405(g); Pollard v. Halter, 377 F.3d 183, 193 (2d Cir. 2004). Because a reasonable factfinder could find that Pryor earned $15,922.54 in wages in 2008 and would not "have to conclude otherwise," we accept the Commissioner's determination. Brault v. Soc. Sec. Admin., 683 F.3d 443, 448 (2d Cir. 2012) (quotation marks omitted).

We have considered Pryor's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.