MARGO K. BRODIE, United States District Judge:
Plaintiff Ronald J. Pryor, proceeding pro se , filed the above-captioned action in September 23, 2014 pursuant to *473 42 U.S.C. Section 405(g) seeking review of a final decision of Defendant Nancy A. Berryhill, the acting Commissioner of Social Security (the "Commissioner"). (Compl., Docket Entry No. 1.) Plaintiff challenged the Commissioner's determination that he earned income in the amount of $15,922.54 in 2008, while he was collecting disability insurance benefits. By Memorandum and Order dated March 22, 2016, the Court granted the Commissioner's motion for judgment on the pleadings. See Pryor v. Comm'r of Soc. Sec. , No. 14-CV-5596, 2016 WL 1171589 (E.D.N.Y. Mar. 22, 2016) (" March 22, 2016 Order "). On March 8, 2017, the Second Circuit affirmed the March 22, 2016 Order. See Pryor v. Comm'r of Soc. Sec. , 690 Fed.Appx. 42 (2d Cir. 2017). The Second Circuit denied Plaintiff's petition for a panel rehearing, or, in the alternative, for rehearing en banc on June 20, 2017.[2] (See Pl. Mot. to Reopen ("Pl. Mot.") 13, Docket Entry No. 30.)
On July 31, 2017, over a year after the entry of the March 22, 2016 Order, Plaintiff filed a "motion to reopen." (See id. at 1.) Defendant opposed the motion on August 11, 2017. (Def. Opp'n to Pl. Mot. ("Def. Opp'n"), Docket Entry No. 32.) Plaintiff subsequently filed three additional letters in support of his application. (See Pl. Letter in Supp. of Pl. Mot. dated August 28, 2017 ("Pl. August 28, 2017 Letter"), Docket Entry No. 34; Pl. Letter in Supp. of Pl. Mot. dated September 19, 2017 ("Pl. September 19, 2017 Letter"), Docket Entry No. 35; Pl. Letter in Supp. of Pl. Mot. dated September 21, 2017 ("Pl. September 21, 2017 Letter"), Docket Entry No. 36.) For the reasons set forth below, the Court denies Plaintiff's motion.[3]
I. Background
The Court assumes familiarity with the facts as set forth more fully in the March 22, 2016 Order and provides a summary of only the pertinent facts.
Plaintiff began receiving disability insurance benefits in 1996, after he sustained a brain injury in a bus accident. Pryor , 2016 WL 1171589, at *1. The Social Security Administration (the "SSA") revised Plaintiff's 2008 earnings record to include $15,922.54 in unreported earnings (the "Unreported Earnings"), which Plaintiff had allegedly earned at Parking Systems Plus, Inc. ("Parking Systems"). Id. On December 6, 2010, the SSA notified Plaintiff of the updated earnings information. Id. On March 29, 2012, Plaintiff challenged the inclusion of the Unreported Earnings in his earnings record. Id. Plaintiff's challenge was unsuccessful, and on June 27, 2012, Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"), asserting in part that his identity had been stolen in the 1970s. Id. at *1-2. Plaintiff asserted that he had not worked "[d]uring the tax years 2008 through 2011" and had only collected disability insurance benefits, and therefore, wages earned from Parking Systems were erroneously attributed to his name and social security number. Id. at *2. On May 31, 2013, the ALJ concluded that the Unreported Earnings were appropriately included in Plaintiff's *474 earnings record. Id. at *1. Plaintiff appealed the ALJ's decision, and on August 26, 2014, the Appeals Council denied review of Plaintiff's appeal. Id. After considering the evidence before the ALJ and the Appeals Council,[4] as well as new evidence submitted by Plaintiff, the Court found that the ALJ's decision was supported by substantial evidence.[5] Id. at *5.
II. Discussion
The jurisdictional basis on which Plaintiff seeks to "reopen" this case is unclear. (Pl. Mot. 1; Def. Opp'n 1.) Plaintiff explains that he filed the motion "[b]ecause all the evidence was denied in the U.S. Court of Appeals without any reason." (Pl. Mot. 2.) In addition, Plaintiff states that he did not have the "new evidence" when he first appeared before the Court. (Id. at 3.) Construed liberally, Plaintiff's motion is best understood as seeking relief from a final judgment pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure.[6] See Willey v. Kirkpatrick , 801 F.3d 51, 62 (2d Cir. 2015) (holding that courts must liberally construe papers submitted by pro se litigants "to make the strongest arguments they suggest").
a. Standard of review
" Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation." Aponte v. City of N.Y. Dep't of Corr. , 377 Fed.Appx. 99, 100 (2d Cir. 2010) (internal quotation marks omitted) (quoting Boule v. Hutton , 328 F.3d 84, 95 (2d Cir. 2003) ). Evidence that was "clearly available" at the time of the judgment is "not 'newly discovered' " for the purposes of a motion under Rule 60(b)(2). Whitaker v. N.Y. Univ. , 543 Fed.Appx. 113, 114 (2d Cir. 2013).
A motion under Rule 60(b)(2) must also be filed within one year of "the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This "one-year limitation period for Rule 60(b) motions is 'absolute.' " Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc. , 466 F.3d 97, 100 (2d Cir. 2006) (quoting Warren v. Garvin , 219 F.3d 111, 114 (2d Cir. 2000) ); see also Azkour v. Little Rest Twelve , No. 10-CV-4132, 2017 WL 1609125, at *4 (S.D.N.Y. Apr. 28, 2017) ("This one-year limitations period is 'absolute,' even when the party seeking relief is pro se .") (citation omitted). Further, "[t]he filing of an appeal does not toll this one-year limitation." Mpala v. Funaro , No. 13-CV-00252, 2017 WL 1364577, at *2 (D. Conn. Apr. 13, 2017) ; (citing King v. First Am. Investigations, Inc. , 287 F.3d 91, 94 (2d Cir. 2002) (collecting cases));
*475 Sec. & Exch. Comm'n v. Amerindo Inv. Advisors Inc. , No. 05-CV-5231, 2017 WL 3017504, at *8 (S.D.N.Y. July 14, 2017) (same).
b. Plaintiff's motion is time-barred
Plaintiff's motion is time-barred under Rule 60(b)(2).[7] The Court entered final judgment on March 22, 2016. Plaintiff filed his motion to reopen more than sixteen months later on July 31, 2017. (Pl. Mot. 1.) Although Plaintiff appealed the final judgment to the Second Circuit, the filing of the appeal did not toll the one-year limit. See King , 287 F.3d at 94.
Even if the motion was timely, Plaintiff fails to proffer evidence that is "of such importance that it probably would have changed the outcome" as required under Rule 60(b)(2). See Azkour v. Little Rest Twelve , No. 10-CV-4132, 2017 WL 1609125, at *5 (S.D.N.Y. Apr. 28, 2017) (citing United States v. Int'l Bhd. of Teamsters , 247 F.3d 370, 392 (2d Cir. 2001) ). In support of the motion, Plaintiff has submitted several documents as "new evidence" for the Court to consider: (1) an Internal Revenue Service (IRS) identity theft affidavit dated November 30, 2016; (2) an IRS notice stating that Plaintiff's claim of identity theft had been verified dated May 15, 2017; (3) IRS letters purporting to confirm Plaintiff's claim of identity theft dated September 18, 2017; and (4) a google printout of 225 Clarkson Avenue Parking.[8] (Pl. Mot. 4, 8-11, 14-15); Pl. September 21, 2017 Letter at 2-5.) However, the IRS documents dated November 30, 2016 and May 15, 2017, at most, acknowledge that Plaintiff had filed a claim for identify theft and are also duplicative of similar documents the Court considered in its March 22, 2016 Order.[9] See Pryor , 2016 WL 1171589, at *5 ; see also Teamsters , 247 F.3d at 392 ("[T]he evidence must not be merely cumulative."). In addition, Plaintiff fails to articulate the evidentiary value of the google printout, describing the document as "a copy of who r [sic] on 225 Clarkson Ave in Brooklyn." (Pl Mot. 4.) On its face, the printout only lists various businesses at the inputted address. ( Id. ) These three documents do not support Plaintiff's contention that he was a victim of identity theft, and therefore do not support Plaintiff's claim that he did not receive income from working for Parking Systems in 2008.
Finally, although the IRS letters dated September 18, 2017 state that an "investigation confirm[ed]" that Plaintiff was a victim of identity theft and that the IRS was "in the process of removing the fraudulent income ... for years 2007 through 2012," these letters do not undermine the Court's conclusion that the ALJ's decision was supported by substantial evidence. (See Pl. September 21, 2017 Letter at 2-5.) Despite finding the failure of the IRS to "ma[ke] adjustments to Plaintiff's 2008 income after receiving the June 2013 Identity Theft Affidavit" probative, the Court relied on a variety of other evidence in reaching its decision, including an eyewitness observation by Special Agent Neisha *476 Samaroo of Plaintiff operating a toll booth at Park Systems.[10] See Pryor , 2016 WL 1171589, at *3-5. Furthermore, the letters are unclear as to whether the IRS will make adjustments to Plaintiff's 2008 earnings, which are at issue in this case. On the subject line, the letters specify that the tax years are "Dec. 31, 2011" and "Dec. 31, 2012." (Pl. September 21, 2017 Letter at 2, 4.) Plaintiff himself states that the letters are "about correcting the earning for the years 2011 and 2012."[11] (Id. at 1.) Thus, Plaintiff's proffered "new evidence" would not have changed the Court's ruling in the March 22, 2016 Order.
III. Conclusion
For the foregoing reasons, the Court denies Plaintiff's motion to reopen as both untimely and lacking merit.
SO ORDERED.

Because the motion to reopen and Plaintiff's other documents in support are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

Plaintiff also raised an issue of overpayment in his moving papers. (See Pl. Mot. to Reopen ("Pl. Mot.") 1, Docket Entry No. 30.) However, as Defendant explains, the issue of overpayment was not before this Court and is subject to a separate administrative appeal process that must be exhausted before Plaintiff can bring this claim with the district court. (Def. Opp'n to Pl. Mot. ("Def. Opp'n") 1 n.1, Docket Entry No. 32.)

The evidence included Plaintiff's testimony, SSA earnings records, information from Parking Systems, IRS Identity Theft Affidavit dated June 4, 2013, and a police incident report dated June 5, 2013 from the New York Police Department. See Pryor v. Comm'r of Soc. Sec. , No. 14-CV-5596, 2016 WL 1171589, at *1-3 (E.D.N.Y. Mar. 22, 2016) ("March 22, 2016 Order ").

Plaintiff submitted two pieces of evidence that were not provided to the ALJ or the Appeals Council: (1) a Certificate of Disposition as to his criminal prosecution dated December 18, 2014 and (2) a SSA notice of favorable decision dated June 6, 2008. Pryor , 2016 WL 1171589, at *3.

The Second Circuit has instructed that a "court may treat a motion to vacate a prior judgment as having been made under [Federal Rule of Civil Procedure Rule] 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable." Maduakolam v. Columbia Univ. , 866 F.2d 53, 55 (2d Cir. 1989). Thus, Rule 60(b)(6) is unavailable because Rule 60(b)(2), the more specific ground for relief, is applicable.

Plaintiff's filing is also time-barred if construed as a motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Motions under Rule 59(e) must be filed no later than twenty eight days after the entry of judgment. Fed. R. Civ. P. 59(e).

Plaintiff also lists and includes a few other pieces of "evidence." (See Pl. Mot. 4; Letter in Supp. of Pl. Mot. dated September 19, 2017 ("Pl. September 19, 2017 Letter"), Docket Entry No. 35.) However, the listed documents are most pertinent to Plaintiff's 60(b)(2) motion.

The same can be said for all the IRS letters submitted with Plaintiff's letter in support of the motion to reopen dated September 19, 2017. (See Pl. September 19, 2017 Letter at 2-13.)

Plaintiff also may not have "act[ed] with due diligence" to obtain the favorable IRS adjudication discussed in the letter dated September 18, 2017. Although Plaintiff admits that he knew of the discrepancies as to his earnings since 2008, he failed to contact the IRS until March 27, 2012. See Pryor , 2016 WL 1171589 at *2. Further, after the IRS informed Plaintiff that "no action was necessary" on Plaintiff's account based on the information submitted, Plaintiff failed to take prompt action. Id. Instead, the motion suggests that Plaintiff only sought to "remove the years 2004, 2005, 2006, 2008, and 2009" after speaking with the IRS Identity Theft Department on July 28, 2017. (See Pl. Mot. 5-6.) Although Plaintiff had to wait for the IRS to investigate his claims, the facts suggest that Plaintiff may have been able to receive a determination before his Rule 60(b)(2) motion was time-barred if he had diligently pursued the options provided by the IRS.

The only letter submitted by Plaintiff that appears to specifically address his 2008 earnings does not indicate that the IRS intended to make any adjustments. (See Pl. September 19, 2017 Letter at 8.) Instead, the IRS letter dated September 15, 2017, states that Plaintiff's "accounts are now correct" and that he does not "need to take further action." Id.